**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASSONDRA JONES,

                     Plaintiff,

vs.                                           Case No. 3:11-cv-377-J-32MCR

Z.O.E ENTERPRISES OF JAX, INC.,
A Florida Corporation, And
WILLIAM SMOLIOS,
Individually,

                     Defendants.

_____

## ORDER

      This case is before the Court on Defendants', Z.O.E Enterprises of Jax, Inc., and William Smolios, Motion to Dismiss (Doc. 9) regarding the threshold issue of the applicability of the Fair Labor Standards Act ("FLSA").  Plaintiff filed a response in opposition.  (Doc. 10).

**I. Background**

      On April 12, 2011, Plaintiff filed a complaint seeking relief under the FLSA for unpaid overtime compensation.  (Doc. 1).  Plaintiff was an hourly employee working as a shift manager at a Dairy Queen in Duval County, Florida owned by Defendants.  (Id. at 1). Plaintiff had worked for the Defendants for several years and left their employment in July 2010.  (Id.).  Plaintiff worked both the opening and closing shifts.  (Id. at 3).  Plaintiff's job duties while working the opening shift from 9 A.M. to 5 P.M., included preparing the restaurant to open, and finishing any duties left from the previous day.  (Id.).  When working the night shift, Plaintiff was required to ensure that all equipment and machines were

properly turned off and cleaned, as well as clean and close the Dairy Queen.  (Id.).

Plaintiff filed this action alleging that Defendants did not pay Plaintiff for all hours worked and that Plaintiff was not paid one and one-half times her regular rate for all hours worked in excess of forty (40) per work week in violation of FLSA, 29 U.S.C. § 207(a)(1). (Doc.1 at 1, 3).  Plaintiff alleges that she was required to arrive at 8 A.M. when working the opening shift, but was not allowed to clock in until 9 A.M., and that when working the closing shift, she was required to clock out at 11:30 P.M. even though she continued working to clean and close the Dairy Queen past that time.  (Id.)

Plaintiff has alleged jurisdiction of her claims pursuant to § 1331 under the FLSA. (Id. at 2).  Plaintiff claims Defendants were an enterprise covered by the FLSA because Defendants had two or more employees handling goods in interstate commerce and earned more than $500,000 in gross sales annually.  (Id.)  Defendants have moved to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, claiming their business does not qualify under the "enterprise" or "individual" coverage provisions of the FLSA.  (Doc. 9 at 2).  In the alternative, both parties seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.  (Docs. 1, 9).

## II. Discussion

Under Federal Rule of Civil Procedure 12(b)(1), "when a defendant properly challenges subject matter jurisdiction . . . the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. [Rule] 56.' " Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)(citations omitted).  If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is

to state that it lacks jurisdiction and dismiss the case.  See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).

The Eleventh Circuit has cautioned however, "[t]hat that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*' " Turicos v. Delicias Hispanas Corp., 275 F.App'x 879, 880 (11th Cir. 2008) (quotations omitted).  If a jurisdictional challenge does implicate the merits of the underlying claim, "the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Id.  "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.' " Id.

In Turicos, an Eleventh Circuit FLSA case involving a factual attack on jurisdiction, the Court held that the Rule 56 standard, and not the Rule 12(b)(1) standard, must be used when dealing with a jurisdictional matter "that is intertwined with the merits of the cause of action." Id.  The Court in Turicos noted that the same operative facts determined whether the Plaintiff can sue under the FLSA statute, and the scope of the statute's coverage.[1] Id.

Here, as in Turicos, the sections of the FLSA that provide substantive relief, primarily § 207 in this case, are intertwined with and dependent on § 203 of the FLSA, which defines

---

[1]    In Turicos, the district court granted a defendant's motion to dismiss in which the defendant asserted that the plaintiff, a restaurant worker, could not establish the required jurisdictional facts necessary to satisfy the FLSA.  The Eleventh Circuit reversed and remanded for a Rule 56 summary judgment analysis instead of the Rule 12(b)(1) analysis. Turicos, 275 F.App'x at 882.

3

the scope of enterprise coverage under the FLSA.  Thus, to engage in a Rule 12(b)(1)

analysis at this stage of the proceeding would be inappropriate and premature.  While

Turicos calls for summary judgment analysis under Rule 56, that analysis is also premature

at this juncture since there has been no discovery or other evidence for the Court to review.

Likewise, it is premature to consider declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.[2]

Accordingly, it is hereby

**ORDERED**:

1.      Defendants', Z.O.E Enterprises of Jax, Inc., and William Smolios, Motion to

Dismiss (Doc. 9) is **DENIED** without prejudice and Defendants may reassert their arguments

at a later time in these proceedings.

2.      Defendants shall file their answers no later than **August 15, 2011** and the

parties shall also confer and file their case management report (form is attached) no later

than **August 15, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of July, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

kz
Copies: counsel of record
Attachments: CMR

---

[2]      Moreover, Defendants did not assert any separate legal arguments as to why
declaratory relief would be an appropriate alternative.  (Doc. 9 at 4).

4