UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASSONDRA JONES,

    Plaintiff,

vs.                                        Case No.  3:11-cv-377-J-32MCR

Z.O.E. ENTERPRISES OF JAX, INC., a Florida
Corporation and WILLIAM SMOLIOS,
Individually,

    Defendants.

_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 28) filed July 13, 2012.  Defendants filed their response (Doc. 30) in opposition to this Motion on July 24, 2012.  Accordingly, the matter is now ripe for judicial review.

## **I.  INTRODUCTION**

Plaintiff commenced this action on April 19, 2011, alleging Defendants failed to pay her overtime in violation of the Fair Labor Standards Act (the "FLSA").  (Doc. 1).[1]  Plaintiff claims she worked for Defendants as a shift manager and was not paid for all hours worked.

On May 24, 2012, Plaintiff served Defendants with her Second Request for Production of Documents.  Defendants objected to Request No. 2 which asked Defendants to produce all time records for employees who worked on the same day as

---

[1] Plaintiff later amended the complaint to include claims that Defendants failed to pay her the minimum wage.  (Doc. 14).

Plaintiff from June 2008 through July 2010.  Defendants objected to this request as seeking irrelevant information and being "extremely burdensome."  (Doc. 28, p.2).

Plaintiff filed the instant motion seeking an order overruling Defendants' objections and directing Defendants to produce responsive documents.  (Doc. 28).

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Plaintiff asks the Court to direct Defendants to respond to her request for the time records of all employees working the same days she worked from June 2008 through July 2010.  Plaintiff takes the position that this information is relevant to her claims because it will show Defendants had a practice of requiring its employees

to work off-the-clock. Defendants respond that compiling this information would be burdensome as it would require Defendant to:

> review every shift schedule (3 shifts a day) to determine the identity of every employee that worked and then compare those shifts with the Plaintiff's work schedule. Defendant would then have to locate, retrieve, organize and copy payroll records and time sheets for numerous employees.

(Doc. 30, p.2).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P. The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

"Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'" Diamond State Ins. Co. v. His House, Inc., No. 10-20039-CIV, 2011 WL 146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No CA 05-0377-BH-C,

2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)).  Here, Plaintiff has not met that burden with respect to Request No. 2.  The Court does not believe the time records for other employees are relevant to Plaintiff's claims that she was not paid overtime.  See Buckner v. United Parcel Service, Inc., No. 5:09-cv-411, 2011 WL 6748522, *4 (E.D.N.C. Dec. 22, 2011) ("the Court agrees with Defendant that the payroll information of other employees is not relevant to Plaintiff's claim that he was not paid for overtime worked").  Therefore, Plaintiff's Motion to Compel is denied and Defendants are not required to produce the time records for other employees.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __27th__ day of July, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record