**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CASSONDRA JONES,

    Plaintiff,

vs.                                                      Case No. 3:11-cv-377-J-32MCR

Z.O.E. ENTERPRISES OF JAX, INC.,
and WILLIAM SMOLIOS,

    Defendants.

___

    This Fair Labor Standards Act case involving a former Dairy Queen manager's claims against the Dairy Queen's owners for unpaid overtime compensation was tried to a jury on May 20 and 21, 2013. The jury returned a verdict for the Plaintiff in the amount of $45.39. (Doc. 64.) The case is now before the Court on Defendants' Motion for Judgment Notwithstanding the Verdict[1] (Doc. 69). Plaintiff has responded (Doc. 75). Also pending before the Court is Plaintiff's Motion for Entry of An Order Awarding Plaintiff Liquidated Damages (Doc. 68). Defendants responded and agrees that "Plaintiff is entitled to liquidated damages in an amount equal to the damages ultimately entered in Plaintiff's favor." (Doc. 74.) The Court considers Defendants' Motion first.

    As the Court previously stated, it interprets the jury's verdict as rejecting Plaintiff's off-the-clock claim and instead as potentially trying to award damages for a few on-the-clock overtime hours for which she was only paid her regular rate. (See Doc. 77.) However, it was unclear what number of on-the-clock hours Plaintiff proved at trial and what amount of damages would result; thus, the Court ordered Plaintiff "to show in a

___

[1] At trial, Defendants moved for judgment as a matter of law pursuant to Rule 50(a), which the Court took under advisement.

detailed statement, based on the evidence at trial, the number of on-the-clock hours and resulting damages." (Doc. 77.) Plaintiff filed a Detailed Statement in Compliance With the Court's Order of June 24, 2013 (Doc. 78), and Defendants responded (Doc. 79).

Under Federal Rule of Civil Procedure 50(b), "a party may renew its motion for judgment as a matter of law after the jury has returned its verdict, if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251-52 (11th Cir. 2007) (citing Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). "'Regardless of timing, however, in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence.'" Id. at 1252 (quoting Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir.2007)). When looking at the record evidence, the Court must draw all inferences in favor of the nonmoving party. Nurse "Be" v. Columbia Palms W. Hosp. L.P., 490 F.3d 1302, 1308 (11th Cir. 2007).

The jury awarded $45.39 in damages. (Doc. 64.) At trial, Plaintiff claimed that she worked off-the-clock before morning shifts and after evening shifts and was not paid for these hours. In the Court's view, the jury rejected this claim. Even assuming the jury found that Plaintiff had indeed worked off-the-clock hours for which she was not paid, Plaintiff provided no evidence or tools for the jury to determine the number of shifts worked, the amount of off-the-clock time alleged for each shift, or how the jury should calculate damages for weeks in which she worked less than 40 hours, yet was claiming off-the-clock time. Plaintiff provided no documentation detailing her days or hours worked off-the-clock or any explanation as to how the jury should calculate this aspect of damages. As one

court put it: "Throwing darts at a calendar would seemingly provide as reliable a time period for this work as would discerning these dates from Plaintiff's evidence." Vince v. Illinois Cent. Sch. Bus, LLC, 09 C 5360, 2011 WL 578832, *13 (N.D. Ill. Feb. 9, 2011).  The Court finds that the jury had no reasonable way to determine the amount and extent of the work Plaintiff performed off-the-clock, if any.[2]

Plaintiff also claimed she worked a certain number of on-the-clock hours for which she should have been paid overtime, but was only paid straight-time.  According to the pay and time records in evidence, Plaintiff worked 6.19 overtime hours for which she was paid her regular rate, which results in only $29.39 of on-the-clock overtime damages.  (Doc. 78 at ¶ 3, Ex. B; Pl. Ex. 2.)  At trial, Plaintiff did not point out or explain, during testimony or argument, all of these hours.  Rather, she highlighted a few, and "marked/flagged" the rest on the exhibit of pay/time records.  (See Doc. 78 at ¶ 2; Pl. Ex. 2.)  In addition, Plaintiff's regular and overtime rate of pay changed in March 2009.  So, not all of the 6.19 hours should have been paid at the same rate, and Plaintiff is not owed the same amount for each overtime hour that was paid at her regular rate; this was also not explained to the jury.  (See Doc. 78, Ex. B; Doc. 63, Court's Instructions to the Jury, Instruction No. 9.)  Post-trial, Plaintiff submitted a spreadsheet which calculates, from the pay/time records in evidence, how she arrives at the $29.39 amount (Doc. 78-2); however, this spreadsheet was neither introduced into evidence nor used at trial as an aid to assist the jury in

---

[2] There was one occasion documented in the evidence where Plaintiff entered the Dairy Queen, disengaged the alarm at 8:20, but did not clock in until 9:00 a.m.  Even if the jury found that Plaintiff was working off-the-clock for these forty minutes, the jury could not have awarded $45.39 in damages, at either rate of overtime pay.  (See Doc. 75 at 5.)  Nor would adding damages for these forty minutes to the $29.39 on-the-clock overtime damages result in the jury's verdict.

3

calculating damages.  The only explanation the Court can discern for the verdict, based on the evidence, is that the jury, given no guidance by Plaintiff, miscalculated either the number of hours, or the amount of pay Plaintiff was owed for these on-the-clock hours, or both.  Indeed, the Court requested the additional submission from Plaintiff detailing these hours because the Court also had difficulty determining the number of hours and amounts owed from the evidence.

Because of Plaintiff's poor effort in explaining her damages, the Court was strongly tempted to just throw out the verdict as legally unsustainable.  However, the Court is obligated to give voice to the jury's verdict if there is a basis to do so.  There was no legally sufficient evidentiary basis for a reasonable jury to find that Plaintiff is owed $45.39 in damages.  However, the Court finds that the evidence was sufficient for the jury to find Plaintiff is owed $29.39 in on-the-clock damages.  Thus, the Court will reduce the verdict to that amount.  See Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1266 (11th Cir. 2008) ("As a general rule, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.") (quotation omitted).  Pursuant to 29 U.S.C. § 216(b), and there being no objection by Defendants, the Court will also award liquidated damages in an amount equal to $29.39.

Accordingly, it is hereby

**ORDERED:**

1.      Defendants' Motion for Judgment Notwithstanding the Verdict (Doc. 69) is **GRANTED in part and DENIED in part** to the extent stated in this Order.

2.      Plaintiff's Motion for Entry of An Order Awarding Plaintiff Liquidated Damages

Case 3:11-cv-00377-TJC-MCR   Document 80   Filed 08/13/13   Page 5 of 5 PageID 636

(Doc. 69) is **GRANTED** to the extent the Court will award liquidated damages in the amount of $29.39.  The total damages to be awarded is $58.78

3. No later than **August 30, 2013**, Plaintiff should file any motion for attorney's fees and costs, with supporting documentation.[3]  No later than **September 17, 2013**, Defendant may respond.

**DONE AND ORDERED** at Jacksonville, Florida, on this 13th day of August, 2013.[4]

_____
TIMOTHY J. CORRIGAN
United States District Judge

sa.

Copies:

Counsel of Record

---

[3]  In filing any such motion, Plaintiff should be advised that the Court only views her as having achieved very limited success as the prevailing party to the on-the-clock overtime issue and would intend to award fees accordingly.

[4]  Any reader of this opinion might rightly wonder whether this case is really what Congress had in mind when it enacted the FLSA.